# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Brian Keith Alford,**

      **Plaintiff,**

      **v.**

**Dr. Hawk, *et al.*,**

      **Defendants.**

**Case No. 2:25-cv-187**

**Judge Michael H. Watson**

**Magistrate Judge Silvain, Jr.**

## OPINION AND ORDER

Brian Keith Alford ("Plaintiff"), a prisoner proceeding without the assistance of counsel, moves for leave to proceed without the prepayment of fees ("*in forma pauperis*").  Mot. IFP, ECF No. 7.

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiff leave to proceed *in forma pauperis*. *See generally* R&R, ECF No. 14.  The R&R concludes that Plaintiff has garnered "three strikes" under the Prison Litigation Reform Act ("PLRA") and did not plead that he was in imminent danger, such that 28 U.S.C. § 1915(g) prohibits *in forma pauperis* status. *Id.*  Specifically, the R&R concludes that Plaintiff pleaded in the Amended Complaint that he had received some medical treatment and alleged, at most, that he was awaiting surgery but failed to allege that surgery had been prescribed in the first place. *Id.* at 5–6.

Plaintiff objects.  Obj, ECF No. 16.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected.

On objection, Plaintiff concedes that he has obtained "three strikes" but argues that he sufficiently pleaded that he was, and remains, under a threat of serious bodily injury, which removes him from the prohibition against proceeding *in forma pauperis*. Obj. 2, ECF No. 16. Namely, Plaintiff argues that his medical conditions continue to this day, including that he still passes blood in his urine. *Id.* at 6.

Under the PLRA, a prisoner who has obtained three strikes for bringing actions that were frivolous, were malicious, or failed to state a claim cannot proceed *in forma pauperis* on further actions unless the prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Pursuant to the imminent-danger exception, "a plaintiff must only allege facts from which a court, informed by its judicial experience and common sense, could draw a reasonable inference that the plaintiff was in danger when he filed the complaint." *Ware-Mustapha v. Dixon*, No. 23-5605, 2024 WL 1505089, at *1 (6th Cir. Apr. 3, 2024) (citation omitted). "[T]he PLRA's imminent-danger exception does not require a prisoner to allege or show that a *life-threatening* ailment poses an imminent danger to him; rather, it requires only that the prisoner allege that there is an imminent danger of a '*serious physical injury*' to him." *Ryan v. G. Robert Cotton Corr. Fac.*, No. 20-1305, 2020 WL 9258300, at *3 (6th Cir. Dec. 8, 2020) (citations omitted). Untreated or inadequately treated chronic medical conditions

Case No. 2:25-cv-187                                                    Page 2 of 5

satisfy that requirement. *Id.* (citation omitted). Moreover, "[t]his Court must liberally construe a prisoner's claim that he qualifies for the imminent-danger exception." *Id.* at *2 (citation omitted).

In an abundance of caution, the Court **SUSTAINS** Plaintiff's objections. The original Complaint and Amended Complaint are largely similar. In them, Plaintiff alleges that in mid-December 2024, he could not urinate for several days and yet was not immediately seen for treatment. Compl., ECF No. 2 at PAGEID # 5; Am. Compl. ¶ 10, ECF No. 8. On December 10, he sought immediate medical attention and was eventually given a catheter, which resulted in the release of blood and urine. *Id.* Plaintiff was provided with antibiotics and pain medication, but, over the next two weeks, Plaintiff lost thirty-six pounds and suffered extreme pain. *Id.* He was transferred to the Ohio State James Medical Center on December 23 and remained hospitalized for five days; CT scans revealed that Plaintiff had a double kidney infection, a blood clot on his left lung, and a cyst on his left kidney. *Id.*

Plaintiff was released back to prison on December 27 but remained in the medical unit until January 2, 2025, when he was released back into general population. *Id.* In the original Complaint, which Plaintiff filed about two months after his release to general population, Plaintiff alleges that he "remains cathed in great pain, without pain medication, and uncertainty about his future[.]" Compl., ECF No. 1 at PAGEID # 8.

Case No. 2:25-cv-187

In the Amended Complaint, which Plaintiff filed about six months after that, Plaintiff alleges that he was given various types of catheters between January and July 2025. Am. Compl. ¶ 10, ECF No. 8. During that time, Plaintiff's prostate-specific antigen levels had risen, and he has since been awaiting prostate surgery. *Id.* ¶¶ 10–11. He alleges that he has been denied medication and that the delay in surgery could cause "kidney failure or possible death[.]" *Id.* ¶ 11.

In both Complaints, Plaintiff seeks damages and injunctive relief— apparently in the form of transfer to a medical facility such as Frazier Health Center. *See, e.g.*, Am. Compl., ECF No. 8-1 at PAGEID ## 46–47, 55–57.

Construed liberally, these Complaints allege that Plaintiff remains in significant pain, is being denied necessary medication, and requires immediate surgery that is nonetheless being delayed. Those allegations sufficiently allege an imminent danger of serious physical injury.

Accordingly, the Court **SUSTAINS** Plaintiff's objections and **RETURNS** the matter to the Magistrate Judge with directions to: (1) proceed with a review of Plaintiff's motion for leave to proceed *in forma pauperis* given the Court's finding of satisfaction of the imminent danger exception, and (2) if the Magistrate Judge finds the remainder of that application sufficient and grants *in forma pauperis*

status, perform an initial screen of the Amended Complaint under 28 U.S.C.

§ 1915(e).[1]

The Clerk shall terminate ECF Nos. 10, 14, and 15 as pending motions.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**

---

[1] Plaintiff's second motion for leave to proceed *in forma pauperis* and motion for extension of time to file objections, ECF Nos. 10 and 15, are **DENIED as moot.**